**UNITED STATES of America,
Appellee,**

v.

**John JAMES, Defendant–Appellant.**

**Docket No. 01–1352.**

United States Court of Appeals,
Second Circuit.

Argued: Dec. 4, 2001.

Decided: Feb. 8, 2002.

Louis R. Aidala, New York, NY, for defendant-appellant.

David M. Siegal, Asst. U.S. Atty., Mary Jo White, U.S. Atty., Jamie L. Kogan, Asst. U.S. Atty., New York, NY, on the brief, for appellee.

Before WALKER, Chief Judge, JON O. NEWMAN, and PARKER, Circuit Judges.

JON O. NEWMAN, Circuit Judge.

■ This appeal challenges the alleged lack of sufficient reasons for a sentence. John James appeals from the July 2, 2001, judgment of the District Court for the Southern District of New York (Kevin Thomas Duffy, District Judge) sentencing him primarily to a term of 63 months upon his plea of guilty to distributing and possessing with intent to distribute approximately seven grams of cocaine base. We conclude that the sentencing judge's determination of the applicable range prescribed by the Sentencing Guidelines and the selection of a sentence within that range satisfied the Court's general obligation to "state in open court the reasons for its imposition of the particular sentence," 18 U.S.C. § 3553(c), and that the more specific obligation to state "the reason for imposing a sentence at a particular point within the range," *id.* § 3553(c)(1), was not implicated because the applicable range did not exceed 24 months. We therefore affirm.

The presentence report ("PSR") recommended an adjusted offense level of 23 and placement in Criminal History Category III, and indicated the basis for both determinations. The resulting sentencing range was 57 to 71 months. The PSR recommended a sentence of 63 months. In a letter to Judge Duffy prior to sentencing, defense counsel urged a sentence at the bottom of the guideline range in order to render James eligible in the last 24 months of his sentence for transfer to a "shock incarceration program," 18 U.S.C. § 4046(a), in an "intensive confinement center," 28 C.F.R. § 524.31(a)(ii), sometimes referred to as a "boot camp." Al-

though generally available only for a prisoner receiving a sentence of 12 to 30 months, 18 U.S.C. § 4046(a), the program can be used within 24 months of the release date of a prisoner sentenced to not more than 60 months, 28 C.F.R. § 524.31(a)(ii); Bureau of Prisons Program Statement 5390.08, *searchable at* http://www.bop.gov. Accepting the PSR's recommendation, Judge Duffy imposed a sentence that included a term of 63 months.

In considering James's appeal, we confront at the outset some uncertainty as to the nature of the issue he is endeavoring to raise. The heading and, in several places, the content of Point One of his brief refers to 18 U.S.C. § 3553(c)(1), the subsection requiring the sentencing judge to state "the reason for imposing a sentence at a particular point within" a Guidelines range that exceeds 24 months. These references understandably prompted the Government to devote much of its opposing brief to pointing out that James's applicable sentencing range was less than 24 months, rendering subsection 3553(c)(1) inapplicable. At oral argument, however, James's counsel argued primarily that Judge Duffy was required to give reasons for his sentence by virtue of the introductory language of section 3553(c), requiring the sentencing court to "state in open court the reasons for its imposition of the particular sentence."

■ Appellate counsel cannot expect an argument to be entertained. on appeal when it is not clearly set forth in the brief and when its thrust is obscured by reference to an inapplicable statutory provision. If counsel's contention, advanced at oral argument, had substantial merit, we might

decline to assess it for lack of proper presentation or at least afford the Government an opportunity to respond. However, we will adjudicate the claim because the contention clearly lacks merit and was at least obliquely referred to in counsel's brief.[1]

■ A sentencing judge is required to impose a sentence within the applicable Guidelines sentencing range in the absence of "an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission," 18 U.S.C. § 3553(b). In view of this mandatory obligation, a sentencing judge satisfies section 3553(c)'s general requirement for reasons by stating, either explicitly or by adopting an adequately explained analysis in the PSR, the basis for the adjusted offense level and criminal history category that combined to prescribe the applicable sentencing range. "Th[e] general requirement [of section 3553(c) ] is satisfied when a . district court indicates the applicable Guidelines range, and how it was chosen." *United States v. Georgiadis*, 933 F.2d 1219, 1223 (3d Cir.1991). Congress required a more precise explanation only when a sentencing range exceeds 24 months or a sentence is imposed outside the applicable Guidelines range. 18 U.S.C. § 3553(c)(1), (2).

Appellant's further point that some explanation was required as to why Judge Duffy declined to select a sentence below 60 months that might have resulted in eligibility for confinement in a boot camp is also without merit. The specificity of subsection 3553(c)(1), applicable to sentencing ranges exceeding 24 months, clear-

---

1. The heading of counsel's Point One alleged a violation of subsection 3553(c)(1) "in that [the court] failed to state any reasons for imposing the particular sentence *or* for select-

ing a sentence at a particular point within the guideline range." Brief for Appellant at 11 (emphasis added).

ly implies that no further explanation is required for the selection of a sentence at a particular point within a range of 24 months or less. Defense counsel cannot impose a requirement for explanation why a particular number of months was selected simply by urging that a sentence below some point that counsel identifies might have collateral advantages to the defendant.

■ Finally, having expressed concern with the shortcomings of defense counsel's brief, we take the opportunity to note concern with a passage in the Government's brief. In recounting the sentencing proceedings, the Government quotes at length the remarks of defense counsel to Judge Duffy after sentence was imposed in which counsel included the statement that " 'unless something else comes to mind, it would appear that I would be filing an *Anders* brief.' " Brief for Appellee at 11 (quoting Sentencing Transcript at 14). Although the Government wisely refrains from making any explicit argument based on this remark, its inclusion in the brief risks conveying an implication that we should deem the appeal to lack merit because of counsel's negative assessment of his appellate prospects. Any such implication, based on an obviously preliminary consideration, could impair the attorney-client relationship and discourage defense counsel's candor with the District Court. If the Government believes an appeal, as ultimately briefed, is frivolous, it is entitled to seek summary affirmance, *see* 2d Cir. R. 27(b), or even sanctions, *see* Fed. R.App. P. 38, but it should not even appear to seek advantage from defense counsel's preliminary assessment.

Affirmed.