UNITED STATES of America, Appellee,

v.

Terry BATTISTE, Defendant–Appellant.

No. 06–4601–cr.

United States Court of Appeals, Second Circuit.

March 28, 2008.

J. Scott Porter, Seneca Falls, NY, for Defendant–Appellant.

Paul D. Silver, Assistant United States Attorney for the Northern District of New York (William C. Pericak, Assistant United States Attorney, and Brenda K. Sannes, on the brief), for Glenn T. Suddaby, United States Attorney for the Northern District of New York, Syracuse, NY, for Appellee.

PRESENT: Hon. WILFRED FEINBERG and Hon. PETER W. HALL, Circuit Judges, and Hon. LEONARD B. SAND, District Judge.*

## SUMMARY ORDER

Defendant–Appellant Terry Battiste appeals from the September 7, 2006 judgment of the District Court for the Northern District of New York (Kahn, J.) sentencing him to 79 months' imprisonment after he pleaded guilty to possession with intent to distribute less than fifty kilograms of marijuana in violation of 21 U.S.C. § 846. We assume the parties' familiarity with the facts and proceedings below.

We review sentencing decisions for reasonableness, asking "whether the sentencing judge exceeded the bounds of allowable discretion, committed an error of law in the course of exercising discretion, or made a clearly erroneous finding of fact."

*United States v. Fernandez,* 443 F.3d 19, 27 (2d Cir.2006) (alterations, internal quotation marks, and citation omitted).

■ Battiste first argues that the district court did not adequately consider the factors enumerated in 18 U.S.C. § 3553(a). Section 3553(a) identifies factors that the district court "shall consider" when deciding upon a defendant's sentence. 18 U.S.C. § 3553(a). "[W]e have imposed no ... requirement that a sentencing judge precisely identify either the factors set forth in § 3553(a) or specific arguments bearing on the implementation of those factors in order to comply with her duty to consider all the § 3553(a) factors along with the Guidelines applicable range." *Fernandez,* 443 F.3d at 29. "As long as the judge is aware of both the statutory requirements and the sentencing range or ranges that are arguably applicable, and nothing in the record indicates misunderstanding about such materials or misperception about their relevance, we will accept that the requisite consideration has occurred." *United States v. Rose,* 496 F.3d 209, 213 (2d Cir.2007) (internal quotation marks omitted). Our presumption of compliance with the requirement has particular force when "the sentencing judge makes abundantly clear that she has read the relevant submissions and that she has considered the § 3553(a) factors." *Fernandez,* 443 F.3d at 29.

We have no difficulty concluding that the district court complied with the consideration requirement here. The district court stated at the sentencing hearing that it had "considered all the pertinent information, including ... the factors outlined in the law, USC 3553, 18 USC." The district court also evinced its awareness of the applicable advisory Guidelines range by restating it for the record. These statements amply show that the district court "[was] aware of both the statutory requirements and the sentencing range or

ranges that are arguably applicable," *Rose,* 496 F.3d at 213, and Battiste has not pointed to anything in the record that would "indicate[ ] misunderstanding about such materials or misperception about their relevance," *id.* Accordingly, we find that the district court complied with the requirement, and Battiste's claim to the contrary therefore fails.

■ Battiste further argues that the district court violated 18 U.S.C. § 3553(c), which requires the district court to "state in open court the reasons for its imposition of the particular sentence." He suggests that the Supreme Court's decision in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), abrogated this Court's decision in *United States v. James,* 280 F.3d 206 (2d Cir.2002), which held that when the applicable Guidelines range is less than 24 months and the sentence imposed is within that range, § 3553(c) is satisfied if the district court "stat[es], either explicitly or by adopting an adequately explained analysis in the PSR, the basis for the adjusted offense level and criminal history category that combined to prescribe the applicable sentencing range," *id.* at 208.

We need not consider whether Battiste is correct in claiming that *Booker* abrogated *James.* Battiste's claim rests on his assertion that the district court "fail[ed] ... to give any reason why the court imposed a Guidelines sentence." This assertion is incorrect.

The district court addressed Battiste's concerns and gave reasons for its imposition of the sentence it chose. The district court began its sentencing of Battiste by noting that "over the years, you've made some bad choices .... [a]nd, obviously, you have to be responsible and accountable for what you did." No matter "[h]ow it all happened," continued the court, "it happened." It also acknowledged that Bat-

tiste "may have turned a corner" and had "family [that] you've got in your life, good people who support you and do love you." Finally, the court observed that "it isn't over for [Battiste]," as Battiste was "still young" and would "have choices to make" in the future. Read in its totality and in light of the district court's statement that it had considered Battiste's sentencing submissions, which presented mitigation arguments relating to Battiste's cooperation, family situation, and post-offense conduct, the district court's explanation of Battiste's sentence satisfies the § 3553(c) requirement that the court "state in open court the reasons for its imposition of the particular sentence." No greater "length" and "detail" is required by these "circumstances." *See United States v. Villafuerte,* 502 F.3d 204, 210 (2d Cir.2007).

■ Battiste's final claim is that his sentence is substantively unreasonable in light of his unique circumstances. We "consider the substantive reasonableness of the sentence imposed under an abuse of discretion standard." *Gall v. United States,* —— U.S. ——, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). In conducting this review, we "take into account the totality of the circumstances." *Id.* "The fact that [we] might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Id.*

In support of his substantive reasonableness argument, Battiste mentions "the dire financial circumstances that fueled his participation in this offense," his lack of a history of robbery, his post-offense conduct, the effect that incarceration would have on his family, and his cooperation with the Government. Battiste made these arguments to the district court, however, and as discussed above, it is clear

that the district court took them into consideration when imposing a sentence. We must defer to its judgment that these factors did not warrant imposing a shorter term of imprisonment. Battiste has not shown that the district court abused its discretion or imposed a sentence outside the range of reasonable sentences that were available to it, and his substantive reasonableness challenge therefore fails.

We have considered all of Battiste's other arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court.