08-5337-cr
United States v. Cotto-Lopez

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of June, two thousand ten.

PRESENT:   JON O. NEWMAN,
           JOHN M. WALKER, JR.,
           GERARD E. LYNCH,
                          *Circuit Judges.*

-----------------------------------------------------------------

UNITED STATES OF AMERICA,
                          *Appellee,*

           v.                                          No. 08-5337-cr

EDUARDO COTTO-LOPEZ,
                          *Defendant-Appellant.*

-----------------------------------------------------------------

FOR APPELLANT:        Georgia J. Hinde, New York, New York, on submission.

FOR APPELLEE:         Preet Bharara, United States Attorney for the Southern
                      District of New York, (Jessica A. Masella, Katherine Polk
                      Failla, Assistant United States Attorneys, on the brief), New
                      York, New York, on submission.

Appeal from the United States District Court for the Southern District of New York

(Deborah A. Batts, <u>Judge</u>).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND

DECREED that the case is REMANDED to the district court with instructions to vacate the judgment and re-sentence the defendant.

Eduardo Cotto-Lopez appeals from a sentence of 87 months in prison imposed for a conviction, following a guilty plea, of conspiracy to distribute and possess with the intent to distribute more than five kilograms of cocaine in violation of 21 U.S.C. § 846. He argues here that the district court erred in calculating his advisory sentencing guidelines range by failing to grant him a downward adjustment as a minor or minimal participant pursuant to U.S.S.G. § 3B1.2. Because the district court's failure to address Cotto-Lopez's argument for a role adjustment leaves us unable meaningfully to review its implicit finding that he was not a minor or minimal participant, we remand the case to the district court for re-sentencing.

On the facts as presented by Cotto-Lopez, which the government does not dispute, Cotto-Lopez has presented a strong argument for a role adjustment. At the time of this offense, Cotto-Lopez was twenty-one years old with no prior criminal record of any kind. At his guilty plea allocution and in his sentencing submissions, Cotto-Lopez stated that he spent the night before his arrest at the house of Margarito Pineda, his eventual co-defendant, a forty-five year old family friend who had helped him move from Puerto Rico to New York and provided him with food and lodging since his arrival. Pineda offered to give Cotto-Lopez a ride to Cotto-Lopez's girlfriend's house in New York City, but on the way Pineda received a call from an unknown source, and drove to an apartment that Cotto-Lopez had never visited. Pineda asked Cotto-Lopez to fetch a suitcase from the

apartment and bring it downstairs to the car. Cotto-Lopez, who had no prior knowledge that the errand would involve illegal activity, obeyed. When he noticed how heavy the suitcase was, he realized that he was "probably picking up narcotics." Cotto-Lopez brought the suitcase down to the car, and helped Pineda pack the contents, some twenty-five kilograms of cocaine, into a hidden compartment in Pineda's car. Although there was no prior agreement that Cotto-Lopez would be paid for his trouble, at some point during the transaction, Pineda promised to pay him an unspecified amount of money. Shortly thereafter, both men were arrested.

The Presentence Report ("PSR") prepared by the Probation Office stated that Cotto-Lopez qualified for "safety valve" relief from a ten-year statutory minimum, a finding the government supported, and a downward adjustment for acceptance of responsibility. Despite these reductions, and his complete lack of any criminal history, the quantity of drugs he retrieved from the apartment resulted in a total offense level of 29 and a recommended sentencing range of 87 to 108 months. Cotto-Lopez's attorney objected to the calculation in a written submission, arguing that he should receive a mitigating role adjustment for his minimal or minor role in the conspiracy. The government opposed any mitigating role adjustment, and the Probation Office without explanation or comment declined to recommend one.

At the sentencing hearing, Cotto-Lopez's attorney briefly but specifically cited his written submission seeking a mitigating role adjustment. After a short statement by the government opposing the adjustment, the court stated simply that it "accept[ed] and

adopt[ed] the factual recitations" and guideline calculations in the PSR, that it had considered the relevant statutory sentencing factors set forth in 18 U.S.C. § 3553(a), and, finding "no reason to depart from the advisory sentencing guideline range," sentenced Cotto-Lopez to 87 months in prison, the bottom of that range. The court made no mention of either side's arguments regarding the mitigating role adjustment.

Section 3B1.2 of the United States Sentencing Guidelines provides for a four-level downward adjustment if the defendant was a "minimal participant" in the criminal activity, a two-level adjustment if the defendant was a "minor participant," and a three-level adjustment if the defendant's role was somewhere in between. U.S.S.G. § 3B1.2. The "minimal participant" adjustment applies to defendants "who are plainly among the least culpable of those involved in the conduct of a group. Under this provision, the defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant." Id., comment. (n.4); see also United States v. Castano, 234 F.3d 111, 113 (2d Cir. 2000). A "minor participant" is one who is "less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, comment. (n.5); see also Castano, 234 F.3d at 113. However, "[a] reduction will not be available simply because the defendant played a lesser role than his co-conspirators; to be eligible for a reduction, the defendant's conduct must be 'minor' or 'minimal' as compared to the average participant in such a crime." United States v. Rahman, 189 F.3d 88, 159 (2d Cir. 1999). A defendant must "prove by a preponderance of the evidence that [he] is entitled to a [ ]

4

role adjustment under § 3B1.2 of the Sentencing Guidelines," Castano, 234 F.3d at 113, and we review a district court's finding to grant or deny the adjustment for clear error. Id. "[A] sentencing court's assessment of the defendant's role in criminal activity is highly fact-specific." United States v. Carpenter, 252 F.3d 230, 234 (2d Cir. 2001) (internal quotation marks omitted).

Despite the deference we accord a district court's determinations pertaining to role adjustments, the general rule that "[w]hen the sentencing court resolves a disputed issue of fact, it is required to state its findings with sufficient clarity to permit appellate review," United States v. Reed, 49 F.3d 895, 900-01 (2d Cir. 1995), still applies. Because the district court made no explicit finding that Cotto-Lopez was or was not a minor or minimal participant despite Cotto-Lopez's substantial argument for such a finding, we conclude that the sentencing court did not state its apparent finding regarding Cotto-Lopez's role "with sufficient clarity to permit appellate review." Id.; see also United States v. Rosa, 11 F.3d 315, 344 (2d Cir. 1993) (vacating sentence within PSR's suggested guidelines range, where district court made no explicit findings addressing defendant Rodriguez's mitigating role adjustment arguments).

The court's adoption of the PSR's findings cannot save the failure to make explicit findings on the record, because the PSR's own finding regarding Cotto-Lopez's role itself consisted of a bare conclusion without analysis or explanation. Cf. United States v. James, 280 F.3d 206, 208 (2d Cir. 2002) ("[A] sentencing judge satisfies section 3553(c)'s general requirement for reasons by stating, either explicitly or by adopting an

5

*adequately explained* analysis in the PSR, the basis for the adjusted offense level and criminal history.") (emphasis added).  Because we are unable to review meaningfully the district court's finding that Cotto-Lopez was not a minor or minimal participant, we remand the case to the district court.

The lack of explanation is troubling, because the defendant has presented a strong argument for a downward role adjustment.  It is true that a defendant who served as a drug courier is not automatically entitled to a § 3B1.2 role adjustment.  United States v. Garcia, 920 F.2d 153, 155 (2d Cir. 1990) ("While in certain cases and on particular facts, a district court might conclude that a defendant courier was 'substantially less culpable than the average participant' and thus make a downward adjustment pursuant to § 3B1.2, this conclusion is by no means mandated.").  However, assuming arguendo that Cotto-Lopez can reasonably be classified as a "courier," his role appears to have been exceedingly modest.

"In evaluating a defendant's role, we look to factors such as the nature of the defendant's relationship to the other participants, the importance of the defendant's actions to the success of the venture, and the defendant's awareness of the nature and scope of the criminal enterprise."  United States v. Yu, 285 F.3d 192, 200 (2d Cir. 2002) (internal quotation marks omitted).  According to Cotto-Lopez's undisputed account of the crime, he was unaware of the existence of the conspiracy, and did not even know he was involved in any crime at all until he felt the weight of the suitcase.  "[T]he nature of [Cotto-Lopez's] relationship" to the co-conspirators was not a business relationship; he

6

was Pineda's houseguest and had never met any other member of the conspiracy prior to his exceedingly brief participation. Moreover, Cotto-Lopez's assistance to Pineda in carrying the suitcase and helping to pack its contents in the car's secret compartment would not seem to have contributed much to the "success of the venture." Id. Finally, while it is true, as the government points out, that the average drug conspiracy participant generally does not know the full scope of a drug enterprise, Cotto-Lopez's ignorance of *any* conspiracy prior to his few minutes of active involvement bespeaks a level of "awareness of the nature and scope of the criminal enterprise," id., that is arguably well short of that of the "average" participant in a conspiracy of a size that warrants a sentence in excess of seven years in prison.

We have emphasized that the "determination [of a role adjustment] is heavily dependent upon the facts of the particular case as found by the district court." Garcia, 920 F.2d at 155 (internal quotation marks omitted). For that reason, we have affirmed decisions of sentencing courts both to grant and to deny mitigating adjustments to defendants who could be characterized as couriers or the like. See, e.g., id. (upholding denial of a minor role adjustment for courier delivering cocaine from a seller to a buyer); United States v. Imtiaz, 81 F.3d 262, 264-65 (2d Cir. 1996) (finding that role as broker for a heroin transaction and delivery of heroin from buyer to seller merited denial of a minor role adjustment); but cf. United States v. Restrepo, 936 F.2d 661, 665-68 (2d Cir. 1991) (upholding grant of minimal role adjustment in money laundering scheme, where

7

defendants admitted they understood the cash they were loading and unloading was narcotics proceeds but their role was limited to loading boxes and keeping a lookout); United States v. Lopez, 937 F.2d 716, 727 (2d Cir. 1991) (upholding denial of minimal role adjustment and grant of minor role adjustment where defendant knew of plan to sell 50 kilograms of cocaine, traveled from Miami to New York to help with transaction, and expected a large sum of money as payment for services). But precisely because of the fact-intensive nature of the inquiry, we find it difficult to review the district court's decision – at least in a case such as this, where the defendant's participation in the crime appears so limited – without *some* explanation why the defendant's role in the conspiracy at issue should not be considered "minor" or "minimal."

For the foregoing reasons, the case is REMANDED to the district court, with instructions that it vacate its judgment and re-sentence Cotto-Lopez after explicitly ruling on his argument for a mitigating role adjustment.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

8