Joan Patricia PLANTE,
Plaintiff–Appellant,

v.

Gary DAKE, President, The Stewart's Shops Corp.; et al., Defendants–Appellees.

No. 14–2891.

United States Court of Appeals, Second Circuit.

April 1, 2015.

Joan Patricia Plante, for Appellant Pro Se.

John Frances Moore, Towne, Ryan & Partners, P.C., Albany, NY, for Appellees.

PRESENT: ROBERT D. SACK, CHRISTOPHER F. DRONEY, Circuit Judges.[1]

### SUMMARY ORDER

Under the Federal Rules of Appellate Procedure, "[o]n its own or a party's motion, a court of appeals may—in order to expedite its decision or for other good cause—suspend any provision of these rules in a particular case and order proceedings as it directs." Fed. R.App. P. 2. "Under the aegis of Rule 2, circuit courts have summarily disposed of appeals using similar but not always identical language." *Joshua v. United States*, 17 F.3d 378, 380 (Fed.Cir.1994) (citing cases from the Federal, 1st, 5th, 7th, 8th, and 10th Circuits outlining the varied language with which our sister courts have summarily affirmed and reversed decisions on appeal).

In this Circuit, "[s]ummary affirmance of a district court's decision in place of full merits briefing and, at the discretion of the court, argument is, and should be treated as, a rare exception to the completion of the appeal process. It is a short-cut and,

in light of the liberty and property rights involved, one that is available only if an appeal is truly 'frivolous.'" *United States v. Davis*, 598 F.3d 10, 13–14 (2d Cir.2010) (citing *United States v. James*, 280 F.3d 206, 209 (2d Cir.2002) ("[I]f the Government believes an appeal, as ultimately briefed, is frivolous, it is entitled to seek summary affirmance, *see* 2d Cir. R. 27(b), or even sanctions, *see* Fed. R.App. P. 38")).

While we have thus recognized the occasional propriety of summary affirmance, so far as we have been able to determine, we have not employed a procedure equivalent to a summary reversal, as requested in the motion before us. Even if there we did, however, this case would be a poor candidate for its use. There appears to be disagreement between the Circuits as to a central issue in this case—whether individuals may bring private suits against tortfeasors under the Medicare Secondary Payer Act. Therefore, this issue is clearly worthy of consideration by a merits panel in the course of a full appeal.

For the foregoing reasons, we hereby **DENY** the motion by the Appellant for what we construe as summary reversal.

---

[1]. Judge Chester J. Straub, originally assigned to the panel, recused himself from this case shortly before oral argument. The two remaining members of the panel, who are in agreement, have determined the matter in accordance with Second Circuit Internal Operating Procedure E(b). *See* 28 U.S.C. § 46(d); *cf. United States v. Desimone*, 140 F.3d 457, 458 (2d Cir.1998).