14-2891
Plante v. Dake

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of April, two thousand fifteen.

PRESENT:

> ROBERT D. SACK,
> CHRISTOPHER F. DRONEY,
>
> *Circuit Judges[1]*

---

[1] Judge Chester J. Straub, originally assigned to the panel, recused himself from this case shortly before oral argument. The two remaining members of the panel, who are in agreement, have determined the matter in accordance with Second Circuit Internal Operating Procedure E(b). *See* 28 U.S.C. § 46(d); *cf. United States v. Desimone*, 140 F.3d 457, 458 (2d Cir. 1998).

1

------------------------------------

JOAN PATRICIA PLANTE,

        *Plaintiff-Appellant,*

      - v -                               No. 14-2891

GARY DAKE, President, The Stewart's Shops
Corp.; *et al.*

        *Defendants-Appellees.*


------------------------------------

For Appellant:               Joan Patricia Plante, *Pro Se*

For Appellees:              John Frances Moore
                                 Towne, Ryan & Partners, P.C.
                                 450 New Karner Road
                                 P.O. Box 15072
                                 Albany, NY 12212

Appeal from the Northern District of New York (Thomas J. McAvoy, *Judge*).  Plante has made a motion in this Court for an order which, in effect, grants her summary reversal of the district court's order dismissing her complaints.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the motion is DENIED.

Under the Federal Rules of Appellate Procedure, "[o]n its own or a party's motion, a court of appeals may — in order to expedite its decision or for other good cause — suspend any provision of these rules in a particular case and order

proceedings as it directs." Fed. R. App. P. 2. "Under the aegis of Rule 2, circuit courts have summarily disposed of appeals using similar but not always identical language." *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) (citing cases from the Federal, 1st, 5th, 7th, 8th, and 10th Circuits outlining the varied language with which our sister courts have summarily affirmed and reversed decisions on appeal).

In this Circuit, "[s]ummary affirmance of a district court's decision in place of full merits briefing and, at the discretion of the court, argument is, and should be treated as, a rare exception to the completion of the appeal process. It is a short-cut and, in light of the liberty and property rights involved, one that is available only if an appeal is truly 'frivolous.'" *United States v. Davis*, 598 F.3d 10, 13-14 (2d Cir. 2010) (citing *United States v. James,* 280 F.3d 206, 209 (2d Cir. 2002) ("[I]f the Government believes an appeal, as ultimately briefed, is frivolous, it is entitled to seek summary affirmance, *see* 2d Cir. R. 27(b), or even sanctions, *see* Fed. R. App. P. 38")).

While we have thus recognized the occasional propriety of summary affirmance, so far as we have been able to determine, we have not employed a procedure equivalent to a summary reversal, as requested in the motion before us. Even if there we did, however, this case would be a poor candidate for its use. There appears to be disagreement between the Circuits as to a central issue in this case — whether individuals may bring private suits against tortfeasors under the Medicare Secondary Payer Act. Therefore, this issue is clearly worthy of consideration by a merits panel in the course of a full appeal.

For the foregoing reasons, we hereby **DENY** the motion by the Appellant for what we construe as summary reversal.

> FOR THE COURT:
> CATHERINE O'HAGAN WOLFE, CLERK