**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Carlos MATUTE, Defendant–Appellant.**

No. 14–14681
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Nov. 5, 2015.

Lennard B. Register, III, Robert G. Davies, U.S. Attorney's Office, Pensacola, FL, Pamela C. Marsh, Gregory Patrick McMahon, U.S. Attorney's Office, Gainesville, FL, for Plaintiff–Appellee.

Joseph F. Debelder, Randolph Patterson Murrell, Federal Public Defender's Office, Tallahassee, FL, Darren James Johnson, Federal Public Defender's Office, Gaines-

ville, FL, Carlos Matute, Folkston, GA, for Defendant–Appellant.

Before HULL, MARCUS and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

After pleading guilty, Carlos Matute appeals his 99–month sentence for possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii). On appeal, Matute argues that his sentence is procedurally unreasonable. After review, we affirm.

## I. PROCEDURAL REASONABLENESS

We review the reasonableness of a sentence for an abuse of discretion using a two-step process, looking first at whether the sentence is procedurally unreasonable and then at whether it is substantively reasonable in light of the record and the 18 U.S.C. § 3553(a) sentencing factors. *United States v. Pugh*, 515 F.3d 1179, 1189–90 (11th Cir.2008). A sentence is procedurally unreasonable if the district court committed any significant procedural error, such as miscalculating the advisory guidelines range, treating the guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence. *Id.* at 1190. The party challenging the sentence bears the burden to show it is unreasonable. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir.2010).

On appeal, Matute does not raise a substantive reasonableness challenge to his 99–month sentence. Instead, Matute contends his sentence is procedurally unreasonable because of three alleged sentencing errors. Specifically, Matute argues that the district court: (1) announced the sentence before giving Matute the opportunity to allocute; (2) did not expressly indicate that the guidelines range was advisory; and (3) did not adequately explain the chosen sentence, as required by 18 U.S.C. § 3553(c)(1).

■ At his sentencing, Matute did not raise any procedural errors. We review Matute's first two procedural reasonableness claims for plain error because he did not object on these procedural grounds at sentencing. *See United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir.2014) (explaining that because the defendant "did not object to the procedural reasonableness at the time of his sentencing, we review for plain error").

However, we review *de novo* Matute's third claim that the district court failed to adequately explain the sentence as required by § 3553(c). *See United States v. Bonilla*, 463 F.3d 1176, 1181 & n. 3 (11th Cir.2006) (explaining that whether a district court complied with § 3553(c) is reviewed *de novo* regardless of whether the defendant objected on this ground at sentencing).

■ We first outline what happened in Matute's sentencing proceeding. At sentencing, the parties agreed on the facts, and the only legal issue was whether Matute should receive a minor role reduction under U.S.S.G. § 3B1.2. After listening to the parties' extensive discussion of the circumstances of the offense and Matute's role in driving four shipments of "almost pure" methamphetamine from Atlanta to Tampa, the district court sustained Matute's objection and granted a two-level minor-role reduction, finding that Matute "was simply a courier, although he did it four times."

The district court recalculated Matute's advisory guidelines range as 87 to 108 months' imprisonment. The district court then began to pronounce the sentence, stating that Matute should be committed to the Bureau of Prisons for 99 months, when Matute's counsel interjected and advised that both he and Matute wished to address the court. The district court apologized, acknowledging that it "should have let [them] do that." The district court stated that it would listen to Matute, his counsel, and the government's counsel "as to anything they would like to offer concerning the sentence to be imposed."

Matute's counsel asked for safety-valve relief and for a sentence below the mandatory, minimum ten-year sentence. He also asked the district court "to consider something lower than the guideline range in this case," arguing that Matute had no other criminal history, had been a successful contractor in Atlanta, had made the drug trips only because his contractor work had dried up, and would be deported to Honduras upon completion of his sentence. Matute also personally addressed the district court, apologized for his actions, explained that he had "never had any intentions of doing what [he] ended up doing," and promised that he would "never do it again."

After listening to Matute's mitigation arguments and allocution, the district court thanked him and asked whether counsel for the government wished to speak. The government's counsel declined, stating that he had already made his argument.

The district court then found that the presentence investigation report was accurate and complete and again determined that Matute should be committed to the Bureau of Prisons for 99 months. The district court acknowledged that Matute met the criteria for safety-valve relief set forth in § 3553. The district court further stated that a sentence imposed at the "mid-range of the guidelines" was "appropriate in this case, given consideration to the guidelines, the statute, and the policy statements." The district court waived the payment of a fine, imposed a five-year term of supervised release, and outlined the terms and conditions of supervised release.

When the district court asked the parties for objections as to the sentence imposed, Matute stated that he objected to "the granting of just a two-level reduction under [U.S.S.G. § ] 3B1.2 [for a minor role] and not the four level" and to the sentence falling in the middle of the guidelines range "given Mr. Matute's lack of criminal history."

## II.  ALLOCUTION

"Allocution is the right of the defendant to make a final plea on his own behalf to the sentencing judge before his sentence." *United States v. Carruth,* 528 F.3d 845, 846 (11th Cir.2008). Rule 32 protects the defendant's right of allocution by requiring the sentencing court, before imposing sentence, to "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence." Fed.R.Crim.P. 32(i)(4)(A).

Here, Matute admits that the district court gave him an opportunity to allocute, but contends the district court nonetheless violated Rule 32(i)(4)(A) because the court had already "reached its decision" and announced the sentence. However, our predecessor circuit has addressed very similar circumstances, "in which there was neither total failure to comply with the rule nor strict compliance with its terms and provisions," and concluded that a remand for resentencing is not required. *See Gordon*

*v. United States,* 438 F.2d 858, 880–82 (5th Cir.1971).[1]

■ Here, as in *Gordon,* the defendant's allocution rights were not abridged. As soon as the district court realized its mistake and before the sentencing had concluded, the district court gave both Matute and his counsel an opportunity to address the court and offer arguments in mitigation. Indeed, unlike the defendant in *Gordon,* Matute accepted the district court's invitation to allocute, apologized for committing his offense, and vowed that he would never commit that offense again. A remand for resentencing for literal compliance with Rule 32(i)(4)(A) is not warranted. At a minimum, there is no plain error under the facts of this case.

## II. ADVISORY GUIDELINES

Under the remedial holding of *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), a district court must apply the Sentencing Guidelines in an advisory, not mandatory, manner. *United States v. Shelton,* 400 F.3d 1325, 1330–31 (11th Cir.2005).

■ Here, we find no error, much less plain error. Nothing in the record suggests the district court considered the Sentencing Guidelines to be mandatory. While Matute points out that the district court never used the word advisory during the sentencing hearing, the record as a whole indicates that the district court understood that the Sentencing Guidelines are advisory.

For example, at Matute's plea hearing, the district court advised Matute that the court had the "authority to impose a sentence that is more severe or one that is less than that sentence recommended by the guidelines." During the sentencing hearing, the district court listened without objection as Matute's counsel argued for a sentence below the guidelines range. Further, the district court's explanation of the sentence indicates not that it felt constrained by the guidelines range, but rather that it found a sentence within the guidelines range to be the "appropriate" sentence in Matute's case. Finally, the statement of reasons completed by the district court explicitly describes the guidelines range calculated by the district court as advisory.

## III. COMPLIANCE WITH 18 U.S.C. § 3553(c)

Under 18 U.S.C. § 3553(c), a district court, "at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). In doing so, the district court should "tailor its comments to show that the sentence imposed is appropriate" in light of the 18 U.S.C. § 3553(a) factors.[2] *Bonilla,* 463 F.3d at 1181.

That said, in explaining the chosen sentence, the district court is not required to incant specific language or articulate its

---

1. In *Bonner v. City of Prichard,* this Court adopted as binding precedent all decision of the former Fifth Circuit handed down on or before September 30, 1981. 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

2. The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

consideration of each individual § 3553(a) factor, so long as the record as a whole reflects the district court's consideration of the § 3553(a) factors. *Id.* at 1181–82. When the district court fails to mention the § 3553(a) factors, we look to the record to see if the district court did, in fact, consider the relevant factors. *See United States v. Dorman*, 488 F.3d 936, 944 (11th Cir.2007).

■ As an initial matter, although Matute cites § 3553(c)(1), the district court was not required to comply with § 3553(c)(1) in this case. Under § 3553(c)(1), if the sentence "is of the kind, and within the range, [recommended by the Sentencing Guidelines], and *that range exceeds 24 months*," the district court must state its reasons "for imposing a sentence at a particular point within the range." *Id.* § 3553(c)(1) (emphasis added). Matute's advisory guidelines range of 87 to 108 months was a range of 21 months and thus did not exceed 24 months, as required by § 3553(c)(1). *See id.; United States v. Veteto*, 920 F.2d 823, 826 (11th Cir.1991) (explaining that § 3553(c)(1) requires "that a sentencing court shall state the reason for imposing a sentence at a particular point within the range *when the range exceeds 24 months*." (emphasis added) (quotation marks omitted)). Therefore,

the district court was required to comply with § 3553(c)'s prefatory clause and give its reasons for the chosen sentence, but it was not required to further explain why it chose that particular point within the advisory guidelines range. *See* 18 U.S.C. § 3553(c).[3]

Matute argues that the district court did not adequately explain the chosen sentence because the district court did not mention the § 3553(a) factors or refer to his mitigation arguments.

■ We disagree. This was a "conceptually simple" drug courier case. *See Rita v. United States*, 551 U.S. 338, 356, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007). As such, while the district court's explanation for the within-guidelines sentence was brief, it was enough to indicate that "the judge rest[ed] his decision upon the [Sentencing] Commission's own reasoning that the Guidelines sentence [was] a proper sentence." *See id.* at 356–57, 127 S.Ct. at 2468. This brief explanation is legally sufficient given the straightforward nature of Matute's drug courier case. *See id.* ("[G]iven the straightforward, conceptually simple arguments before the judge, the judge's statement of reasons here, though brief, were legally sufficient"). While the district court did not explicitly refer to the

---

**3.** In *United States v. Williams*, this Court indicated that § 3553(c)(1) applies "if the sentence ... exceeds 24 months." 438 F.3d 1272, 1274 (ellipsis in original). However, as the statute explicitly states, it is the advisory guidelines range, and not the sentence itself, that must exceed 24 months. *See* 18 U.S.C. § 3553(c). The misstatement in *Williams* is dicta, however, because the parties in *Williams* did not dispute that § 3553(c)(1) applied and that the district court had not complied with it. *Williams*, 438 F.3d at 1274 (noting that the issue was "uncontested" and vacating the sentence because the sentencing court "offered no reason for the life sentence it elected to impose on 26–year–old Williams"). Furthermore, our prior prece-

dent in *Veteto*, cited and relied upon in *Williams*, correctly states that § 3553(c)(1) applies "when the *range* exceeds 24 months." 920 F.2d at 826; *see also United States v. James*, 280 F.3d 206, 207–08 (2d Cir.2002) (concluding that § 3553(c)(1) is not implicated where the defendant was sentenced within a guidelines range of 57 to 71 months' imprisonment); *United States v. Woodrum*, 959 F.2d 100, 101 (8th Cir.1992) (stating that the defendant's sentence within a guidelines range of 21 to 27 months did not present "a case in which the applicable sentencing range spans more than twenty-four months," to "trigger the requirement that the district court state its reason for imposing the sentence at a particular point within that range").

§ 3553(a) factors, it did state that it had considered "the statute," which we take to mean § 3553, to which the district court had just referred in connection with safety-valve relief. Moreover, a review of the sentencing transcript as a whole indicates that the district court considered facts implicating several § 3553(a) factors, including the sentencing guidelines (to which it explicitly referred), the nature and circumstances of Matute's offense (as reflected in discussion of Matute's role), and Matute's history and characteristics (as reflected in defense counsel's mitigation arguments). *See Dorman*, 488 F.3d at 944 (concluding that district court's failure to explicitly mention the § 3553(a) factors did not require a remand in light of the district court's consideration of the defendant's objections and motion for a downward departure, which implicated several § 3553(a) factors). Accordingly, we conclude that under the particular circumstances of this case the district court gave an adequate explanation for the chosen sentence and complied with § 3553(c).[4]

For all these reasons, Matute has not shown that his sentence is procedurally unreasonable.

**AFFIRMED.**

---

4. We note, however, it would be highly preferable for a district court explaining the chosen sentence to acknowledge clearly that it has considered the § 3553(a) sentencing factors.